# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOMICK NELSON | ) |
| Plaintiff, | ) |
| v. | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) CASE NO.: 4:15-CV-00816-ERW |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Midland Credit Management, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 9].

**I.    BACKGROUND**

On or about April 23, 2015, Plaintiff initiated this lawsuit by filing his Petition (hereafter "Complaint") in the Circuit Court of St. Louis County, Missouri [*See* ECF Nos. 1, 4]. Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by filing a proof of claim in Plaintiff's bankruptcy proceedings on an alleged debt which was time-barred by the applicable statute of limitations. According to the Complaint, Plaintiff filed an Objection to Claim against Defendant in the bankruptcy proceedings, and the bankruptcy court sustained Plaintiff's Objection, ordering Defendant's claim disallowed in its entirety.

Plaintiff alleges Defendant, through filing a proof of claim on a stale debt in Plaintiff's bankruptcy proceedings, violated various provisions of the FDCPA. Specifically, Plaintiff alleges Defendant violated: (1) 15 U.S.C. § 1692d-f, by "[t]hreatening action Defendant had no authority or intention of taking, including misrepresenting that it possessed a legal right to

enforce payment on Plaintiff's alleged debt"; (2) § 1692e, by "[f]alsely representing the legal status of a debt"; (3) § 1692e-f, by "[f]iling a proof of claim on an alleged debt when the last alleged payment on the debt was older than the applicable statute of limitation"; (4) § 1692e, by "[u]sing false, deceptive[,] and misleading tactics in order to collect the debt; and (5) § 1692d-f, by "[e]ngaging in harassing, abuse, unfair, and unconscionable conduct in the collection of a debt" [ECF No. 4 at ¶ 24].

On May 21, 2015, Defendant filed its Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1441(a), 1331, and 1446(b) [ECF No. 1]. On June 18, 2015, Defendant filed the pending Motion to Dismiss, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance*

2

*Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, where the allegations on the face of the complaint show "there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Young v. St. John's Mercy Health Sys.*, No. 10-824, 2011 WL 9155, at *4 (E.D. Mo. Jan. 3, 2011) (internal citation omitted). Further, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Bare assertions constituting merely conclusory allegations failing to establish elements necessary for recovery will not suffice. *See id.* ("Plaintiffs, relying on facts not in the complaint, make bare assertions that [defendants] were not just lenders, but owners that controlled the RICO enterprise . . . these assertions are more of the same conclusory allegation . . . "). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

In moving for dismissal, Defendant argues Plaintiff's claims fail as a matter of law because "an FDCPA claim cannot be predicated on a creditor's filing of a proof of claim" [ECF No. 10 at 1 (internal quotations omitted)]. Thus, Defendant contends, filing a proof of claim which is "subject to a limitations defense does not violate the FDCPA," adding, "[C]reditors such as [Midland] are entitled to file proofs of claim even for stale debts" [ECF No. 10 at 1 (internal quotations omitted)]. Defendant concludes, "[B]ecause the FDCPA provides no remedy . . . for [Defendant's] allegedly wrongful proof of claim, [Plaintiff's] Complaint should be dismissed" [ECF No. 10 at 1 (internal quotations omitted)]. In support of its argument, Defendant relies on various bankruptcy district court cases within the Eighth Circuit, a case from the District of Minnesota, and district court cases from other circuits which have come to the same or similar conclusions. In his Response, Plaintiff relies on C*rawford v. LVNV Funding, LLC*, an Eleventh Circuit case which found the defendant's "filing of a time-barred proof of claim against [the plaintiff] in bankruptcy was 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of" the FDCPA. 758 F.3d 1254, 1261 (11th Cir. 2014).

This Court recently resolved this exact same issue in evaluating a Motion to Dismiss in *Ward v. Midland Credit Management, Inc.*, 4:15CV00814 HEA, 2015 WL 4876221 (E.D. Mo. Aug. 14, 2015). In addition to presenting the same issue, the *Ward* case involved the same Defendant, the same attorneys on both sides, a nearly identical Complaint, and nearly identical briefs for the Motion to Dismiss. In that case, the Court adopted and applied the analysis from *In re Broadrick*, 532 B.R. 60 (Bankr. M.D. Tenn. 2015).[1] The *Broadrick* decision states:

---

[1] In choosing to "adopt and apply the *Broadrick* analysis," the Court cited the following considerations: (1) "the imbalance in the case law, with scales tipped in favor of Defendant's position"; (2) a recent holding from the United States Bankruptcy Appellate Panel for the Eighth Circuit, *In re Gatewood*, 2015 WL 4496051 (B.A.P. 8th Cir. July 10, 2015), which "found compelling" the reasoning in *Broadrick*; and (3) "the vast differences between lawsuits filed

> The FDCPA should not be implicated with regard to stale debts when a creditor merely (a) files an accurate proof of claim in a bankruptcy case, (b) when the proof of claim includes all the required information including the timing of the debt, (c) the applicable statute of limitations is one that does not extinguish the right to collect the debt but merely limits the remedies, and (d) no legal impediment to collection or factual circumstances exist that would invoke the FDCPA other than merely the applicability of a statute of limitations.

Broadrick, 532 B.R. at 75. Applying *Broadrick* to the situation in *Ward*, this Court determined the FDCPA should not be implicated, and granted Defendant's Motion, dismissing the case. Here, as in *Ward*,[2] the parties do not dispute the following: Defendant filed an accurate proof of claim in Plaintiff's bankruptcy proceedings; the proof of claim included all of the required information, including the timing of the debt; the applicable statute of limitations is one that does not extinguish the right to collect the debt, but merely limits the remedies;[3] and no legal impediment to collection or factual circumstances exist which would invoke the FDCPA other than merely the applicability of the applicable statute of limitations. *See id.*; *Ward*, 2015 WL 4876221, at *3.

Therefore, the Court finds the FDCPA should not be implicated here. Thus, the Court will grant Defendant's Motion and dismiss Plaintiff's claims.

Accordingly,

---

against individuals and to collect on debts versus proofs of claims filed in bankruptcy cases." *Ward*, 2015 WL 4876221, at *3.

[2] Again, the allegations, arguments, and briefs in the present case are nearly identical to those in *Ward*.

[3] In Missouri, "statutes of limitations 'merely suspend the remedy without extinguishing the right.'" *Discovery Grp. LLC v. Chapel Dev., LLC*, 574 F.3d 986, 990 (8th Cir. 2009) (quoting *Rincon v. Rincon*, 571 S.W.2d 475, 476 (Mo. Ct. App. 1978)).

**IT IS HEREBY ORDERED** that Defendant Midland Credit Management, Inc.'s Motion to Dismiss Plaintiff's Complaint [ECF No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 28th Day of August, 2015.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE